[Cite as *State v. Brewer*, 2022-Ohio-846.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| FANNIECIA MARIE BREWER | : | Case No. 2021CA00075 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2021-CR-0333



JUDGMENT:                    Affirmed



DATE OF JUDGMENT:            March 16, 2022



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KYLE L. STONE                             BERNARD L. HUNT
Prosecuting Attorney                      2395 McGinty Road, NW
                                          North Canton, OH  44720
By: VICKI L. DESANTIS
110 Central Plaza South
Suite 510

Canton, OH 44702-1413
*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant, Fanniecia Marie Brewer, appeals her conviction for felonious assault in the Court of Common Pleas of Stark County, Ohio.  Plaintiff-Appellee is state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On February 12, 2021, the Stark County Grand Jury indicted appellant on one count of felonious assault in violation of R.C. 2903.11.  Said charge arose after a physical altercation between appellant and S.J.

{¶ 3}   A jury trial commenced on May 11, 2021.  The jury found appellant guilty as charged.  By judgment entry filed June 1, 2021, the trial court sentenced appellant to an indefinite minimum prison term of two years up to a maximum prison term of three years.[1]

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5}   "THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE AND SHOWING THE JURY STATE'S EXHIBIT C (CELLPHONE VIDEO OF THE FIGHT) BECAUSE IT WAS NOT PROPERLY AUTHENTICATED PURSUANT TO EVID. R. 901 AND IT WAS SUBSTANTIALLY MORE PREJUDICIAL THAN PROBATIVE PURSUANT TO EVID. R. 403."

---

[1]We note the trial court entered a judgment entry nunc pro tunc on January 10, 2022, during the pendency of this appeal, to remove superfluous verbiage from the June 1, 2021 judgment entry indicating "the defendant's guilty plea" when in fact the matter was tried to a jury.  The June 1, 2021 judgment entry properly stated the defendant was found guilty by a jury.

II

{¶ 6}  "THE TRIAL COURT ERRED BY NOT GRANTING APPELLANT'S RULE 29 MOTION FOR ACQUITTAL AS THERE WAS NOT SUFFICIENT EVIDENCE WITH REGARD TO CAUSATION, AN ESSENTIAL ELEMENT OF THE CHARGE OF FELONIOUS ASSAULT."

III

{¶ 7}  "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

IV

{¶ 8}  "APPELLANT'S COUNSEL WAS INEFFECTIVE BY FAILING TO REQUEST THE COURT CONSIDER AGGRAVATED ASSAULT, AN OFFENSE OF AN INFERIOR DEGREE."

I

{¶ 9}  In her first assignment of error, appellant claims the trial court erred in admitting State's Exhibit C, cellphone video of the fight.  We disagree.

{¶ 10} The admission or exclusion of evidence lies in a trial court's sound discretion "so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991); *State v. Sage,* 31 Ohio St.3d 173, 510 N.E.2d 343 (1987).  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 11} On October 11, 2020, appellant and S.J. went to a field to engage in a mutually agreed upon fight.  Several witnesses were in attendance.  One of the witnesses videotaped the altercation and texted the video to S.J.  Appellee introduced the video during S.J.'s direct testimony and asked her if the video fairly and accurately depicted what she remembered of the fight to which S.J. responded in the affirmative.  Vol. II T. at 35.  Appellee then moved to show the video and appellant objected, arguing "[i]t is very difficult to see, we can't tell if it's been sliced or altered." *Id.* at 37.  Appellant asserted the video is fourteen seconds long and the fight lasted more than fourteen seconds, therefore the video was not a true and accurate depiction of the entire fight.  *Id.* at 37, 255.  Appellant further argued, "it's more prejudicial than probative as far as what occurred that evening." *Id.* at 37.  The trial court reviewed the video and denied the objection, stating, "I think you've authenticated it.  And in this - - today's technology world it's enough." *Id.* at 40.  The trial court noted, "I also believe that it [the video] helps the defense." *Id.*

{¶ 12} In her appellate brief at 7, appellant argues the video was not properly authenticated pursuant to Evid.R. 901(A) which states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  Subsection (B) sets forth illustrations of authentication conforming with the rule, including testimony that a matter is what it is claimed to be [Evid.R. 901(B)(1)], and distinctive characteristics taken in conjunction with the circumstances [Evid.R. 901(B)(4)].

{¶ 13} As explained by this court in *State v. Wilson,* 5th Dist. Stark No. 2016CA00071, 2016-Ohio-5895, ¶ 66:

Photographic evidence, including videotapes, can be admitted under a "pictorial testimony" theory or a "silent witness" theory. *Midland Steel Prods. Co. v. U.A.W. Local* 486, 61 Ohio St.3d 121, 129-130 (1991). Under the pictorial testimony theory, evidence is admissible "when a sponsoring witness can testify that it is a fair and accurate representation of the subject matter, based on that witness' personal observation." *Id.* at 129. The person who took the photograph or video need not testify as long as the witness who does testify verifies that it is a "fair and accurate depiction." *State v. Freeze,* 12th Dist. Butler No. CA2011-11-209, 2012-Ohio-5840, ¶ 66.

{¶ 14} S.J. testified the video's depiction of the fight was fair and accurate. The content of the video was consistent with the altercation at issue. S.J. was able to identify herself and appellant in the video. We find the video was properly authenticated pursuant to Evid.R. 901.

{¶ 15} In her appellate brief at 9, appellant argues chain of custody regarding the video was never properly established. This issue was not raised to the trial court.

{¶ 16} An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978); Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *Long*. Notice of plain error "is to be taken with the utmost caution, under exceptional

circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶ 17} S.J. testified she received the video in a text from the person who recorded the fight. Vol. II T. at 35. Canton Police Detective Hollis Burkes was assigned the case after Detective Mongold worked the case the night the altercation happened. Vol. II T. at 223. Detective Mongold met with S.J., "collected the video," and sent it on to Detective Burkes. *Id.* at 224, 242. We note objections to chain of custody go to the weight of the evidence not to its admissibility. *State v. Taylor,* 8th Dist. Cuyahoga No. 98107, 2012-Ohio-5421, ¶ 38, citing *State v. Mays,* 108 Ohio App.3d 598, 618, 671 N.E.2d 553 (8th Dist.1996). *Accord State v. Ritchey,* 64 Ohio St.3d 353, 360, 595 N.E.2d 915 (1992). We do not find any plain error regarding chain of custody and admissibility.

{¶ 18} In her appellate brief at 10, appellant argues the video was substantially more prejudicial than probative in violation of Evid.R. 403(A) which states: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

{¶ 19} Appellant argues the video was of poor quality and all that could be made out was that she and S.J. engaged in a fight. Appellant argues the video does not show an object that could have caused S.J.'s injuries nor any action on her part causing the injuries. As noted by the trial court, these observations could have helped the defense. Further, "any quality problems in the videotape go to its weight, not to its admissibility." *State v. McClellan,* 3d Dist. Allen No. 1-09-21, 2010-Ohio-314, ¶ 73, citing *State v. Benson,* 11th Dist. No. 2001-P-0086, 2002-Ohio-6942, ¶ 17. We do not find the video violates Evid.R. 403(A).

{¶ 20} Upon review, we find the trial court did not abuse its discretion in admitting the video.

{¶ 21} Assignment of Error I is denied.

## II, III

{¶ 22} In her second assignment of error, appellant claims the trial court erred in denying her Crim.R. 29 motion for acquittal as there was insufficient evidence to prove causation.

{¶ 23} In her third assignment of error, appellant claims her conviction was against the manifest weight of the evidence.

{¶ 24} We disagree with both assignments of error.

{¶ 25} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:

> The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

{¶ 26} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in *State v. Bridgeman,* 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus: "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

{¶ 27} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). *See also State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 28} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

{¶ 29} In addition, circumstantial evidence is that which can be "inferred from reasonably and justifiably connected facts." *State v. Fairbanks,* 32 Ohio St.2d 34, 289 N.E.2d 352 (1972), paragraph five of the syllabus. "[C]ircumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio

St.3d 353, 595 N.E.2d 915 (1992). It is to be given the same weight and deference as direct evidence. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).

{¶ 30} Appellant was convicted of felonious assault in violation of R.C. 2903.11(A)(1) which states: "No person shall knowingly * * * [c]ause serious physical harm to another or to another's unborn."

{¶ 31} S.J. testified she and appellant agreed to engage in a fight. Vol. II T. at 30. Appellant showed up with a hammer and S.J. grabbed an empty bottle of Patron. *Id.* at 31. Prior to the fight, witnesses took the hammer and the bottle away from the parties. *Id.* at 32. The two started fighting and S.J. testified she felt a scratch through her shirt, her hand was stabbed, and her face was split open from a knife. *Id.* at 33-34. Photographs of her injuries were presented to the jury. State's Exhibits A-3, A-4. S.J. believed the knife had been hidden in appellant's sleeve because at the end of the fight, appellant's sleeve was cut open. Vol. II T. at 34. The fight was broken up and S.J. was taken to the hospital. *Id.* According to S.J., she received eighteen stitches in her hand and twenty-eight stitches in her face. *Id.* at 46. Her medical records indicate four laceration repairs, one to her face and three to her hand. Defendant's Exhibit A. The videotape of the fight was played for the jury. Vol. II T. at 43; State's Exhibit C. S.J. identified herself and appellant as the combatants. *Id.* at 44.

{¶ 32} A witness to the fight, K.M., corroborated S.J.'s testimony. K.M. testified how the hammer and Patron bottle were taken away and then the two began to fight. *Id.* at 125. K.M. stated, "I don't know what Franniecia pulled out, but she pulled something out in the midst of them fighting." *Id.* at 125-126. K.M. did not see what the item was, "but I know she pulled something out of her sleeve." *Id.* at 126. S.J. started screaming

and there was blood everywhere.  *Id.*  K.M. observed blood gushing from S.J.'s face and a cut on her hand.  *Id.* at 127.

{¶ 33} Canton Police Officer Phillip Johnson was dispatched to Mercy Hospital to speak with S.J.  Vol. I T. at 141.  He observed a laceration to her face consistent with a knife wound.  *Id.* at 142-143.

{¶ 34} Canton Police Officer Tyler Thomas Butler observed S.J. at the hospital and noted "a deep laceration on her face" and "also on her hand."  *Id.* at 172-173.  He opined S.J.'s injuries were consistent with being cut by a knife.  *Id.* at 174-175.

{¶ 35} Canton Police Officer John Korchnak testified to seeing S.J. at the hospital with knife wounds to her face and hand.  Vol. II T. at 165.  The injuries were consistent with a knife wound.  *Id.* at 166.

{¶ 36} Canton Police Detective Hollis Burkes testified S.J.'s wounds looked like "clean cuts" caused by a razor blade or knife.  *Id.* at 243-244.  The wounds were consistent with being cut with a blade.  *Id.* at 245.

{¶ 37} Witnesses testified to appellant having an item up her sleeve and pulling it out during the fight.  S.J. sustained injuries to her face and hand requiring numerous stitches.  Several witnesses described S.J.'s injuries as lacerations consistent with being cut by some sort of blade.  Although the weapon was never recovered, there is sufficient circumstantial evidence to suggest some sort of blade instrument caused S.J.'s injuries.

{¶ 38} Appellant's argument pertaining to the Crim.R. 29 motion revolves around appellee's bill of particulars that described the weapon used as a "box cutter."  There was some testimony the weapon could have been a serrated kitchen knife which would be

inconsistent with a "clean cut." Appellant argues this error prejudiced her right to prepare an adequate defense with regards to causation.

{¶ 39} The elements of felonious assault include "serious physical harm"; use of a deadly weapon is not an element. The prosecutor and defense counsel, together with the trial court, discussed amending the bill of particulars to omit "box cutter." Vol. II T. at 210-212. Defense counsel requested that "box cutter" be added to the jury instructions. *Id.* at 210, 215. The trial court stated it would charge the jury with causing serious physical harm by means of cutting S.J.'s hand and/or face with "a box cutter, blade, or a sharp object." *Id.* at 214-215. All parties agreed to this instruction. *Id.* at 215, 219. We do not find any prejudice to appellant.

{¶ 40} Upon review, we find sufficient evidence to overcome a Crim.R. 29 motion and support a conviction, and do not find that the jury lost its way and created a manifest miscarriage of justice.

{¶ 41} Assignments of Error II and III are denied.

IV

{¶ 42} In her fourth assignment of error, appellant claims her counsel was ineffective for failing to request the inferior charge of aggravated assault. We disagree.

{¶ 43} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective

standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶ 44} This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." *State v. Post,* 32 Ohio St.3d 380, 388, 513 N.E.2d 754 (1987).

{¶ 45} Aggravated assault under R.C. 2903.12 is defined as follows:

(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:

(1) Cause serious physical harm to another or to another's unborn;

(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

{¶ 46} There is no indication in the testimony that appellant was "under the influence of sudden passion or in a sudden fit of rage."  Appellant and S.J. mutually agreed to meet at the field and fight.  Visible weapons were removed from each combatant before the fight started.  No evidence was presented to support an aggravated assault charge to the jury.  To pursue the inferior charge would have been a futile act.

{¶ 47} Upon review, we do not find any deficiency by defense counsel nor any prejudice to appellant.

{¶ 48} Assignment of Error IV is denied.

{¶ 49} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Wise, John, J. and

Delaney, J. concur.

EEW/db